## United States District Court
## District of Connecticut

EDAN F. CALABRESE                     :
   Plaintiff,                         :
                                      :
v.                                    :
                                      :   Civil No. 3:10-cv-0822(AVC)
THE CONNECTION, INC.,                 :
PAROLE OFFICERS JERRY                 :
MOORE AND JAKE VILLENEUVE             :
   Defendants.                        :


### RULINGS ON THE PLAINTIFF'S MOTIONS TO DISMISS AND TO REMAND

This is an action for damages.  It is brought pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), 42 U.S.C. § 1983, Connecticut General Statute § 52-564, and common law tenets of conversion and negligent infliction of emotional distress.  The plaintiff, Edan F. Calabrese, has brought the instant action to redress the alleged deprivation of his rights by the defendants, the Connection, Inc., parole officer Jake Villeneuve, and parole officer Jerry Moore.

Calabrese has filed the within motion to dismiss for lack of jurisdiction and a motion to remand the case to state court.

The issues are: 1) whether the defendants properly filed removal documents; and 2) whether 28 U.S.C. § 1441(c) permits the court to remand the case to state court.

For the reasons that follow, Calabrese's motion to dismiss the removed case and his motion to remand to state court are DENIED.

## Facts

The complaint alleges, in relevant part, the following material facts:

The plaintiff, Edan F. Calabrese, was a prisoner of the Connecticut Department of Corrections.  In December of 2007, the state transferred Calabrese to the Sierra Center, a halfway house operated by The Connection, Inc., pursuant to a contract with the Connecticut Department of Correction and the Connecticut Board of Pardons and Parole, and under the direction of parole officer Jake Villeneuve.

The Sierra Center requires inmates to seek employment and pay a percentage of their income as rent. In February 2008, Calabrese began working and paying rent.  In March 2008, the state placed Calabrese on parole.  He remained a resident of the Sierra Center.  On April 18, 2008, Sierra Center employees put Calabrese "on restriction" for drinking beer, jeopardizing his status at the halfway house.  "Renee," a Sierra Center employee, told Calabrese that a decision on whether he could stay at the Sierra Center or had to return to prison would be made on April 21, 2008.  In the meantime, "Renee" told Calabrese that he would have a better chance to stay at Sierra Center if he paid the

previous week's rent in the amount of $320.00.  While Calabrese
was waiting to pay "Renee" in the Sierra Center office, he stood
near parole officer Jerry Moore.  After a five minute wait,
Calabrese paid "Renee" $320.00.  Moore then handcuffed and
returned him to prison.

On April 12, 2010, Calabrese filed a pro se suit in
Connecticut superior court alleging: (1) conversion; (2)
violation of Conn. Gen. Stat. 52-564; (3) violation of the
Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-
110a, et seq. ("CUTPA"); (4) negligent infliction of emotional
distress; and (5) violation of 42 U.S.C. § 1983.  On May 26,
2010, the defendants filed a notice of removal to this court
pursuant to 28 U.S.C. §§ 1441, 1443, and 1446.  On June 4, 2010,
Calabrese filed the within motions to dismiss the removed case
and to remand to state court.

## Standard

"District courts shall have original jurisdiction of all
civil actions arising under the Constitution, [or] laws . . . of
the United States."  28 U.S.C. § 1331.  Further, "[a]ny civil
action of which the district courts have original jurisdiction
founded on a claim or right arising under the Constitution . . .
or laws of the United States shall be removable."  28 U.S.C. §
1441(b).

"On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand." Metro. Prop. and Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co., 780 F. Supp. 885, 887 (D. Conn. 1991) (citing R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)). Moreover, it is well settled that the defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Blockbuster, Inc. v. Galeno, 472 F.3d 53 57 (2d Cir. 2006).  After filing a notice of removal, the defendants also have a procedural burden to promptly "give written notice with the clerk of such State court, which shall effect the removal and the State court shall precede no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

"A document filed pro se is 'to be liberally construed' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted).

## Discussion

## I.  Motion to Dismiss

Calabrese argues that the court should dismiss the removed case because the defendants' attorney failed to "fil[e] a signed

4

appearance . . . notwithstanding the same lawyer's certification
that the copy of the appearance is a 'true copy.' "
Specifically, Calabrese notes that 28 U.S.C. § 1446(d),
Connecticut Practice Book section 3-3, and Federal Rule of Civil
Procedure 11 require "first filing a signed appearance
document."

The defendants counter that "implementation of the state
court e-filing system has done away with actual signatures
following system-wide adoption in all cases on December 5,
2009." Specifically, the defendants claim that "[i]n lieu of
actual signatures, the state court e-filing system employs the
use of an attorney's personal juris number along with a
particular verification to act as a signature . . ." and note
that "the state court accepted the undersigned defendant's
notice of filing notice of removal and docketed it as Entry
#102" as well as the fact that "the docket reflects appearances
for the undersigned defendants."

In Becker v. Montgomery, 532 U.S. 757, 763 (2001), the
United States Supreme Court noted with regard to civil rule 11,
"[w]e do not doubt that the signature requirement can be
adjusted to keep pace with technological advances." Id. The
court quoted a 1996 amendment to Civil Rule 5:

> A court may by local rule permit papers to be filed,
> signed, or verified by electronic means that are consistent
> with technical standards . . .. A paper filed by electronic

means in compliance with a local rule constitutes a written
paper for the purpose of applying these rules.  Fed. Rule
Civ. Proc. 5(e).

Id.

According to the 2010 Connecticut Practice Book section 4-4
on electronic filing, "papers may be filed, signed or verified
by electronic means that comply with procedures and technical
standards."  The Secretary of State of Connecticut, 2010 Conn.
Practice Book, § 4-4, 143 (2010).  Further, the Connecticut E-
Services Procedures and Technical Standards manual states that
"entry in the e-filing system of the individual juris number of
the attorney who electronically filed the document shall
constitute the signature of the attorney." Barbara M. Quinn, E-
Services Procedure and Technical Standards, § E, 2 (2010).

The court concludes that the defendants properly filed
their state court appearance form pursuant to the rules
contained in Connecticut's Practice Book and E-Services
Procedures and Technical Standards manual regarding signatures
on electronically filed documents.  Therefore, Calabrese's
motion to dismiss the removed case on this ground is DENIED.

**II.  Motion to Remand to State Court Pursuant to § 1441(c)**

With respect to his motion to remand, Calabrese argues
pursuant to § 1441(c) that "there are three counts based on
federal law, and six counts founded upon state law, obviously
making the preponderance of the claims state law claims."

6

The defendants' counter that "the clear presence of federal claims in the plaintiff's complaint . . . are within the original jurisdiction of the District Court.  See 28 U.S.C. §§ 1331, 1343(3).  Accordingly, jurisdiction exists to hear [all] the plaintiff's claims."  Specifically the defendants claim that "§ 1441(c) is not applicable in this case.  The state and federal claims in this case arise from the same common nucleus of operative fact – his removal from participation in the Sierra Center program and return to the custody of the Connecticut Department of Corrections."

Calabrese has moved to remand pursuant to 28 U.S.C. § 1441(c), which states

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

## A.  Federal Claims

The district court has original jurisdiction over Calabrese's fifth, seventh, and eleventh count causes of action alleging violations of 42 U.S.C. § 1983 and the Fourteenth Amendment due process clause because "[t]he district courts have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."  28
U.S.C. § 1331; see also § 28 U.S.C. § 1343(a)(3).

### B.  State Law Claims

In Valencia v. Lee, 316 F.3d 299, 304-05 (2d Cir. 2003),
the second circuit said that district courts have jurisdiction
" 'over an entire action including state-law claims, whenever
the federal-law claims and state-law claims in the case derive
from a common nucleus of operative fact and are such that [a
plaintiff] would ordinarily be expected to try them all in one
judicial proceeding.' "  Id. (citing United Mine Workers v.
Gibbs, 383 U.S. 715, 725 (1966).

In this case, the state and federal claims involve the same
proof, witnesses, evidence, and facts, all arising out of the
same conduct: the defendants' taking Calabrese's rent money
while falsely suggesting the payment would prevent his return to
prison.  Calabrese's federal and state claims all arise from a
common "nucleus of operative fact" and he "would ordinarily be
expected to try them all in one judicial proceeding."  Id.
Therefore, the federal claim is not "separate and independent"
pursuant to § 1441(c) and this court has no authority to remand.

**III.  Motion to Remand to State Court Pursuant to § 1367(c)(2)**

Since Calabrese is a pro se litigant whose filings must be "liberally construed," this court will address whether the removed case may be remanded pursuant to 28 U.S.C. § 1367(c).

28 U.S.C. § 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to [the original jurisdictional claims] that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  28 U.S.C. § 1367(c) delineates four categories of such claims which the district courts may nevertheless decline to adjudicate:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>      (1) the claim raises a novel or complex issue of State law,
>      (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>      (3) the district court has dismissed all claims over which it has original jurisdiction, or
>      (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the court concludes that neither subsection one nor subsection four are applicable.  Further, because the

9

court has not yet dismissed any of the claims at issue, subsection three is inapposite.

Calabrese's remand argument seems to correspond most closely with subsection two.  He argues for remand because "there are three counts based on federal law, and six counts founded upon state law, obviously making the preponderance of the claims state law claims."  Subsection two says the court may remand when "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  However, "a predominance determination requires 'an interest-sensitive analysis rather than a 'numerical count' of state and federal claims.' "  Morris v. Yale Univ. Sch. of Med., 2006 WL 908155, at *2 (D.Conn. April 4, 2006) (citations omitted), and see Dunlop v. The City of New York, 2006 WL 2853972, at *6 (S.D.N.Y. Oct. 4, 2006) ("it is not the ratio of state to federal claims that is determinative, but the substance).

In United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966), the United States Supreme Court analyzed whether state law claims "substantially predominate" "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  Gibbs at 726-27.  "Courts in this district have found that state law claims predominate when the federal law claims are merely peripheral or cover a much narrower issue

10

than the state law claims, or where the factual or legal analysis of the claims are unrelated." Dunlop at *5 (citing SST Global Tech, LLC v. Chapman, 270 F.Supp.2d 444, 456-58 (S.D.N.Y. 2003). In Dunlop, the district court said that plaintiffs state law claims do not predominate when their federal law claims "will require virtually the same proof as the state law claims." Dunlop at *6 (citing McConnell v. Costigan, 2000 WL 1216273, at *5 (S.D.N.Y. Nov. 16, 2000).

In the case at hand, as already established in the analysis of removal pursuant to § 1441(c), the state and federal issues rely on the same proof, cover the same scope, and provide for comprehensive compensation. The claims require very similar, if not identical legal analysis.

The court concludes pursuant to 28 U.S.C. § 1367(c)(2) that Calabrese's state law claims do not substantially predominate the federal claims. The other sections of § 1367(c) are inapplicable to the case at hand. The court further concludes that declining supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 would be inappropriate. Therefore, Calabrese's motion to remand is DENIED.

## Conclusion

Based on the foregoing, the plaintiff's motion to dismiss the removed case and the plaintiff's motion to remand are both DENIED.

It is so ordered, this 27th day of July, 2010, at Hartford, Connecticut.

_/s/ Alfred V. Covello_____
Alfred V. Covello,
United States District Judge