UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| E.F. CALABRESE | : | NO.:  3:10cv00822 (AVC) |
| | : | |
| v. | : | |
| | : | |
| THE CONNECTION, INC., PAROLE | : | |
| OFFICER JERRY MOORE AND | : | |
| JAKE VILLENEUVE | : | MARCH 22, 2011 |

## OBJECTION TO PLAINTIFF'S "MOTION FOR SANCTION AND ORDER"

The undersigned, on behalf of The Connection Inc. and Jake Villenueve, hereby

objects to the pro se plaintiff's March 15, 2011 "Motion for Sanction and Order" against

the undersigned counsel and Howd & Ludorf "for disturbing Calabrese's mother." The

plaintiff further sought an order forbidding the undersigned "from calling, or in any way

contacting" his mother. The plaintiff failed to identify which Federal Rule of Civil

Procedure he relies upon in his motion for sanctions and order. The undersigned

objects on the grounds that the plaintiff's motion is procedurally improper; the plaintiff

has failed to show why protection should be granted; and the conduct complained of

does not warrant sanctions.

The undersigned presumes that the plaintiff is moving for an order and sanction

pursuant to Rule 26(c) and Rule 37(a)(5).  To the extent that the plaintiff is moving for a

protective order pursuant to Rule 26(c), the defendant objects on the grounds that his

mother may be an individual with information that appears to be reasonably calculated

to lead to the discovery of admissible evidence relevant to the claims and defenses in

this case. See Fed. R. Civ. P. 26(b).  The plaintiff's civil action pertains to an alleged

incident that took place involving payment of rent while he was a resident at a halfway

house, which was a condition of his probation.  Although the plaintiff has not responded to discovery, the undersigned counsel has reason to believe that the plaintiff's mother may possess relevant information pertaining to, among other things, the circumstances surrounding the plaintiff's incarceration, probation, living arrangements while on probation, and banking.  Furthermore, the plaintiff has not made the requisite showing for the granting of a protective order.

Rule 26(c) pertaining to protective orders provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"  An award of expenses under this provision is governed by Rule 37(a)(5), which provides that if the motion for protective order is granted, the court must require the opposing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." (Emphasis added).  In the same vein, a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action…." See Fed. R. Civ. P 26(c)(1).

Rule 26(c) is not the proper vehicle to address sanctions for the conduct complained of by the plaintiff (a telephone call) and the plaintiff has failed to demonstrate that the conduct subjected himself or his mother to annoyance, embarrassment, oppression, or undue burden or expense.  Even assuming that Rule

26(c) is the proper vehicle to address the conduct complained of, the plaintiff failed to make a good faith effort to confer or attempt to confer with the undersigned prior to the filing of his motion, and failed to include a certification that he attempted to resolve the dispute, as required by Fed. R. Civ. P 26(c)(1). Accordingly, his motion and request for relief is procedurally improper.

By way of history, the undersigned defense counsel had previously attempted to contact the plaintiff at (203) 752-1476 in July and August of 2010 to obtain his input in the Rule 26(f) report. See Affidavit of Melissa A. Federico, ¶6, attached hereto as **Exhibit A**. During these attempts, the phone would ring followed by a "beep" prompt for voice mail. Id. at ¶7. The plaintiff did not have an outgoing voice mail message identifying the plaintiff to the number. Id. at ¶8. During one attempt to contact the plaintiff in July of 2010, a man by the name of Mr. Hines (Heinz?) answered the phone and indicated that the number I had called ((203) 752-1476) was no longer the plaintiff's number, and he did not have a forwarding number or address. Id. at ¶9.

At some point in July or August of 2010, the plaintiff contacted defense counsel indicating that the above was still his telephone number, he had received the voice mail messages left by defense counsel, and would be in contact to discuss the 26(f) conference and report. Id. at ¶10. On September 8, 2010, defense counsel attempted to contact the plaintiff at (203) 488-0681 and spoke with a woman who identified herself as the plaintiff's mother. Id. at ¶11. At that time, the undersigned defense counsel left a message with the woman indicating that the purpose of the telephone call was to speak with the pro se plaintiff about scheduling a Rule 26(f) conference. Id. at ¶12. The phone conversation was very brief, but the undersigned defense counsel was able to confirm

3

that (203) 752-1476 was still a working number for the pro se plaintiff, and that he did

not have a personal outgoing message. Id. at ¶13.  The woman further indicated that

the pro se plaintiff would be working until 3:30 or 4:00 p.m. but she would give him the

message. Id. at ¶14.  Any further attempts to contact the pro se plaintiff via telephone

were made at (203) 752-1476.

On February 28, 2011, the undersigned sent the pro se plaintiff correspondence

outlining the defendants' efforts to reach him to discuss the drafting of a Rule 26(f)

report. See **Exhibit B**.  The letter indicates that the undersigned attempted to initiate the

Rule 26(f) conference by contacting the plaintiff on various dates between July and

September of 2010 at the following numbers: (203) 752-1476 and (203) 488-0681.  Id.

The letter further indicates that drafts of the Parties Planning Report prepared by

counsel for the defendants were also previously sent to the plaintiff on September 8,

2010 and September 29, 2010.  Id.

In response to the defendants' February 28, 2011 correspondence, the

undersigned defense counsel receive a voice mail from the pro se plaintiff on March 7,

2011 at 9:34 p.m., at which time the pro se plaintiff indicated that the draft 26(f) report

attached to Exhibit A contained false statements that were "astonishing and upsetting,"

and he intended to seek sanctions. Exhibit A at ¶ 16.

Instead of attempting to work with defense counsel in reaching a resolution

concerning the Rule 26(f) report, the pro se plaintiff ignored defense counsel's

communications and simply filed his motion for sanction and order.  The pro se plaintiff

never discussed the issue of communications with his mother with the defendants and

did not attach an affidavit to his motion for sanction and order demonstrating that he

4

made a good faith effort to discuss this issue prior to filing his motion.  He also failed to

provide a basis for his request for sanctions.  For all of the above reasons, the

defendants request that the plaintiff's Motion For Sanction and Order be denied.


WHEREFORE, the defendants respectfully move the Court to sustain their

Objection to the Plaintiff's Motion for Sanction and Order.


DEFENDANTS,
THE CONNECTION, INC. AND
JAKE VILLENEUVE

By_____
Melissa A. Federico
ct28278
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
(860) 249-7665 (fax)
e-mail: mfederico@hl-law.com

## CERTIFICATION

This is to certify that on March 22, 2011, a copy of the foregoing Objection to Plaintiff's "Motion for Sanction and Order" was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

This is to certify that a copy of the foregoing has been sent to the following pro se party of record this 22nd day of March, 2011

**Pro Se Party:**
Mr. E.F. Calabrese,
P.O. Box 555
New Haven, CT  06503

Steven R. Strom, Esquire
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

Melissa A. Federico